IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MICHAEL LIONEL HATCHER,            )
                                   )
          Petitioner,              )
                                   )
     v.                            )     1:10CV30
                                   )
ALVIN W. KELLER, JR.,              )
                                   )
          Respondent.              )

**MEMORANDUM OPINION, RECOMMENDATION, AND**
**ORDER OF UNITED STATES MAGISTRATE JUDGE**

This case arises from a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. (Docket Entry 2.) Respondent has filed a Motion to Dismiss on Grounds of Non-Exhaustion. (Docket Entry 6.) For the reasons that follow, the Court should grant that motion.

BACKGROUND

This case represents Petitioner's second habeas action in this Court. An Order and Recommendation was entered in Petitioner's prior case recommending entry of a dismissal without prejudice. See Hatcher v. States [sic] of North Carolina Post Release Supervision and Parole Commission, 1:09CV1003, at 1 (M.D.N.C. Dec. 30, 2009) (unpublished). Petitioner then filed the Petition underlying the instant case, as well as an Application to Proceed In Forma Pauperis. (Docket Entries 1 and 2.) The Court determined that Petitioner had sufficient funds to pay the $5.00 filing fee and stayed this case pending receipt of such payment, which he submitted. (Docket Entry 4; Docket Entry dated Jan. 25, 2010.)

On January 29, 2010, Respondent filed a Motion to Dismiss on Grounds of Non-Exhaustion. (Docket Entry 6.) The Court promptly advised Petitioner that he had 21 days to respond. (Docket Entry 9.) On February 10, 2010, the Clerk received two unsigned documents that bore Petitioner's name and address. (Docket Entries 10 and 11.) The first document was addressed to the Clerk like a letter and stated: "I found a [sic] error in my Petition . . . [and] I would like to withdraw without prejudice so I can correct my error, so I can refiled [sic] again." (Docket Entry 10 at 1.)[1] The second document was labeled "Supporting Brief" and stated only as follows: "This [sic] why the Petitioner [sic] claims should not be dismiss [sic]/ see 28 U.S.C. § 2254 Cruz v. Beto, 405 U.S. 319, 322 (1972). and, Conley v. Gibson, 355 U.S. 41, 45-46 (1957);" (Docket Entry 11 (punctuation as in original).)

The Court struck these documents for a number of reasons and gave Petitioner leave until March 16, 2010, to correct the deficiencies. (Docket Entry 12.) Instead of making corrections, Petitioner sent a signed letter to the Court stating that he had less than a year to serve and lacked the tools, the knowledge, or the strength (due to his health) to "continue on with this claim'(s) [sic]. So, I Michael Lionel Hatcher, hereby ask the Court . . . too [sic] dismiss / Petitioner, claim'(s) due to the timely [sic] of my sentence'(s). (And health'(s) wise)." (Docket Entry 13 at 1 (punctuation as in original).)

---

[1] For ease of reading, at this and later points, the Court has used standard capitalization conventions in quoting Petitioner's words.

-2-

DISCUSSION

According to Petitioner, on March 10, 1993, he received a prison sentence of 43 years upon his conviction in the North Carolina Superior Court sitting in Dobson, North Carolina, for the offenses of "Armed Robbery & AWDWISI [Assault with a Deadly Weapon Inflicting Serious Injury]." (Docket Entry 2 at 1.)[2] Petitioner does not challenge the lawfulness of those convictions or the sentence as originally imposed; instead, he attacks the State of North Carolina's calculation of his release date. (Docket Entry 2 at 5 ("!!My sentences is served!!"), 14 (identifying requested relief as follows: "I did way more then [sic] the sentences imposed now which, expire, on 01/12/2010" (punctuation as in original)), 16-17 (explaining contention that various state laws, including ones related to "Credit" for "Good Behavior," had effect of reducing his sentence, but were not properly applied).)

Where, as here, a state prisoner challenges "the length and duration of his confinement[,] . . . contends that certain good-conduct credits were improperly canceled by the defendants and . . . seeks the restoration of those canceled credits so that he can secure his release," he must exhaust his state remedies. Todd v. Baskerville, 712 F.2d 70, 73 (4th Cir. 1983). See also 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State

---

[2] Page numbers as to this document refer to the page numbers noted in the electronic case filing footer, not the pre-printed numbers in the upper right corner of the petition form.

court shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.").

North Carolina permits a state prisoner to challenge the calculation of credits against a prison sentence by filing a Motion for Appropriate Relief, N.C. Gen. Stat. § 15A-1411 et seq., in the superior court where the conviction arose and by appealing any adverse ruling thereon in the state appellate courts. See State v. Bowden, 193 N.C. App. 597, 597-99 (2008). A petitioner's failure to utilize such state remedies before pursuing a claim of this sort in federal court warrants dismissal of the habeas action. See Moore v. Department of Corrections, No. 7:09CV252, 2009 WL 1917084 (W.D. Va. June 30, 2009) (unpublished) ("[Petitioner] offers no indication whatsoever that he has presented his sentencing miscalculation claim to the Supreme Court of Virginia as required for exhaustion of state court remedies, pursuant to § 2254(b). . . . As he fails to meet his burden to prove exhaustion, the court must dismiss his petition without prejudice.").

"An alleged failure to exhaust state remedies as to any ground in the petition may be raised by a motion by the attorney general, thus avoiding the necessity of a formal answer as to that ground." Rule 5, Rules Governing Sect. 2254 Cases, Advisory Comm. Notes (1976 Adoption). See also Rule 4, Rules Governing Sect. 2254 Cases ("If it plainly appears from the petition and any attached exhibits

that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."); 28 U.S.C. § 2243 (indicating that habeas writ should not be issued if "it appears from the application that the applicant or person detained is not entitled thereto").

Given the foregoing authority, this Petition should be dismissed because (even granting Petitioner the benefit of liberal construction) it plainly appears that he is not entitled to relief in this Court due to his failure to exhaust available state remedies. (Docket Entry 2 at 3 (checking "No" in response to question asking: "have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?"), 5 (responding to directive "If you did not exhaust your state remedies on Ground One, explain why," by stating "Because I have future time to be served in the future" and checking "No" in response to question asking "Did you raise this issue [Ground One] through a post-conviction motion or petition for habeas corpus in a state trial court?"), 7 (checking "No" in response to question asking "Did you raise this issue [Ground Two] through a post-conviction motion or petition for habeas corpus in a state trial court?"), 11 (checking "No" in response to question asking "Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?" and stating "Do not know how to presented [sic] on this" (capitalization as in original) in response to directive to

-5-

Case 1:10-cv-00030-WO-LPA   Document 14   Filed 04/16/10   Page 5 of 7

give reasons for prior failure to present instant grounds for relief "in some state or federal court").)[3]

Petitioner also has filed a letter motion requesting appointment of counsel. (Docket Entry 3.) "Prisoners have no right to counsel in a collateral proceeding." United States v. MacDonald, 966 F.2d 854, 859 n.9 (4th Cir. 1992). To the contrary, the appointment of counsel via 18 U.S.C. § 3006A(a)(2)(B) and 28 U.S.C. §§ 1915(e)(1) and 2254(h) remains, "as [does] the privilege of proceeding in forma pauperis, a matter within the discretion of the District Court. It is a privilege and not a right." Bowman v. White, 388 F.2d 756, 761 (4th Cir. 1968). See also Murvin v. Creecy, 812 F.2d 1401, 1987 WL 36472 (4th Cir. Feb. 25, 1987) (unpublished) ("The determination whether to appoint counsel [under 18 U.S.C. § 3006A for a state prisoner in a habeas case] is left to the discretion of the district court.").

In exercising that discretion, the Court must determine whether Petitioner has shown "that his case is one with exceptional circumstances." Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987) (citing Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975)). "The question of whether such circumstances exist in any particular

---

[3] The citations in Petitioner's stricken "Supporting Brief" (Docket Entry 11) (i.e., the habeas statute and two cases regarding the pleading standard for civil cases pre-dating Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 562-63 (2007)) do not address the exhaustion issue and thus would not alter this conclusion. Nor has Petitioner shown a valid excuse for his failure to exhaust. See Whitley v. Blair, 802 F.2d 1487, 1503-04 (4th Cir. 1986). Because this action is clearly subject to dismissal for non-exhaustion, the Court will not address Petitioner's letter motion seeking dismissal (Docket Entry 13). The Court notes that Petitioner has not requested dismissal with prejudice; moreover, the Court would be reluctant to infer such a request, although one could.

case hinges on characteristics of the claim and the litigant." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds, Mallard v. United States Dist. Ct. for S.D. of Iowa, 490 U.S. 296 (1989). More pointedly, "[i]f it is apparent to the district court that a pro se litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him." Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978). Given that (for the reasons set forth above) this case is subject to dismissal, it is not apparent that Petitioner has a colorable claim. In light of this fact and given the absence of any other exceptional circumstances, the Court will exercise its discretion to deny appointment of counsel.

## CONCLUSION

Petitioner admittedly has failed to exhaust available state court remedies and thus this case cannot go forward at this time.

**IT IS THEREFORE ORDERED** that Petitioner's letter motion asking the Court to appoint counsel (Docket Entry 3) is **DENIED**.

**IT IS RECOMMENDED** that Respondent's Motion to Dismiss on Grounds of Non-Exhaustion (Docket Entry 6) be **GRANTED** and that this action be **DISMISSED WITHOUT PREJUDICE** to Petitioner filing a new petition if and when he exhausts his remedies in state court.

**IT IS FURTHER RECOMMENDED** that Petitioner's letter motion seeking voluntary dismissal (Docket Entry 13) be **DENIED AS MOOT**.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**
April 16, 2010